CHAS. C. MOORE v. C. L. KIBBLE, et al.—270 S. W. (2d) 664.

Middle Section. April 29, 1954.

Petition for Certiorari denied September 6, 1954.

Moore & Moore, of Chattanooga, for complainant.

S. P. Raulston, of South Pittsburg, for defendants.

HOWELL, J. The bill in this case was filed by the complainant Charles C. Moore against the defendants C. L. Kibble and others and alleged, among other things, that the complainant was the owner of the mineral interest in a tract of land in Sequatchie County, Tennessee, and that the defendant C. L. Kibble had trespassed and mined coal upon complainant's land and prayed, among other things, that he have a decree against the defendant for the value of all coal that had been mined by the defendant upon his land, with interest.

The defendants filed answers in which they denied the material allegations of the bill.

After references to the Clerk and Master the case was heard by the Chancellor who overruled exceptions to the Master's report and entered a judgment against the defendant for royalties in the amount of 15 cents per ton on 12687.9 tons of coal which the defendant had caused to be mined from complainant's land and which amounted to $1,903.18, with interest from the date of the filing of the bill, in all, $2,199.14 and costs.

The defendant Kibble has appealed from this decree and has assigned errors.

Other questions were raised in the pleadings and disposed of by the Chancellor.

In the brief filed with the assignments of error, the defendant says:

"The only question to be decided on this appeal is the method of fixing the value of the coal removed by appellant from the lands which are now admitted to belong to the appellee.

"The Chancellor allowed a recovery for the 'royalty' value of the coal shown in the proof to be 15c per ton, while appellant insists that the Master was

directed to report the 'value' of the coal which should have been determined by its value 'in situ' or as it lay undisturbed in place.''

It is insisted for the defendant that the Chancellor erred in arriving at the amount due complainant upon the basis of the royalties received by defendant for the coal mined rather than upon the basis of the value of the coal "in situ" and in not allowing defendant the expense of access to and opening of the mine.

The record discloses that the defendant owned other land adjacent to the land in question and had done some prospecting for coal on this other land and shortly after he thought he had acquired the land in controversy, he executed a coal mining lease upon this land to A. H. Rogers and Paul Hudson, and that the expense of opening and developing the mine upon complainant's land was paid by Rogers and Hudson as lessees and not by defendant Kibble and that while Rogers and Hudson operated the mine under their lease from the defendant, they mined the 12687.9 tons of coal and paid the defendant royalties amounting to the sum for which the Chancellor entered judgment. These figures were arrived at by the report of the Clerk and Master which was affirmed by the Chancellor.

We think therefore that under the facts of this case, the amount due the complainant was properly arrived at by the report of the Clerk and Master that Rogers and Hudson had paid the defendant the amount of $1,903.18 as royalties upon the coal mined by them from complainant's land. Rogers and Hudson did the prospecting and the mining, paid the expense thereof and gave defendant the royalties of 15c per ton upon complainant's coal which they had mined.

The assignments of error are overruled and the decree of the Chancellor is affirmed.

A judgment will be entered here in favor of the complainant and against the defendant C. L. Kibble and the sureties upon his appeal bond in the sum of $2,199.14, with interest from July 18, 1953, and the costs of the case.

Affirmed.

Felts, P. J., and Hickerson, J., concur.